IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHARLES JACKSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1237 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| ERIC T. ARMEL, DEBRA A. HAWKINBERRY, WILIAM TIFT, STEVEN GATES, LEROY STALEY, FRANK SALVAY, JAY LANE, | ) | Re: ECF No. 47 |
| | ) | |
| Defendants. | ) | |

## **ORDER OF COURT**

Pending before the Court is Plaintiff's "Motion for Permission to Appeal," seeking certification for an interlocutory appeal of this Court's orders related to discovery, an extension of time within which to file an amended complaint, and the denial of appointment of counsel to represent Plaintiff in his prosecution of this civil suit. ECF No. 47. Interlocutory orders are not generally appealable except as provided for under 28 U.S.C. § 1292.

The decision to certify an interlocutory order for appeal under § 1292(b) "rests within the sound discretion of the trial court." L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (quoting Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002)). "The burden is on the party seeking certification to demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" Id.

Under § 1292(b), a district court may certify an interlocutory order for immediate appeal if it 1) "involves a controlling question of law," 2) there is "substantial ground for difference of

opinion" as to the question of law, and 3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The statutory factors, however, are merely a guide for the Court's discretion. See L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d at 608, quoting Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present."); Arista Records, Inc. v. Flea World, Inc., No. 03–2670, 2006 WL 2882990, at *1 (D.N.J. Oct. 10, 2006) (citing Bachowski).

In this instance, none of the complained of Orders meet the statutory basis for the exercise of this Court's discretion to certify an interlocutory appeal. Plaintiff complains that he is in need of discovery to aid in the drafting of an Amended Complaint to properly allege the involvement of Defendants Salvay and Lane in the violation of his constitutional rights. As indicated in this Court's Order denying leave to conduct discovery dated October 19, 2018, the Memorandum Order granting Defendants' Motion to Dismiss explains the deficiencies as to Plaintiff's claims against each of these Defendants, and the nature of the factual averments necessary to withstand a Motion to Dismiss. See ECF No. 33. In particular, the Complaint seeks to impose liability on Defendant Salvay and Lane for the handling of grievances *after* an inmate assault. ECF No. 8, 8-7, 8-8. Such allegations are insufficient to state a claim upon which relief may be granted. Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988) (allegations of personal knowledge as a result of grievances are simply insufficient to show supervising/reviewing officer had actual knowledge of danger or acquiesced to it). Instead, as to Defendants Salvay and Lane, Plaintiff must allege facts leading to the conclusion that each was aware of the specific danger facing Plaintiff *before* the alleged assault occurred in order to sustain a claim of deliberate indifference to a known risk. Brown v. Delaware County Prison

Board of Inspectors, ___ F. App'x ___, 2018 WL 3323349 *2 (3d Cir. July 6, 2018). Such facts, if they exist, are in Plaintiff's possession without the aid of discovery (i.e., when and how did he alert each of these Defendants of the danger posed by his assailants).

Plaintiff has been granted two extensions of time to re-plead his claims against all Defendants and his amended complaint is due on December 7, 2018. See, ECF Nos. 35, 48. With regard to Plaintiff's request for appointment of counsel, as set forth in the Memorandum Orders dated January 2, 2018, and July 31, 2018, Plaintiff has not yet established the necessary basis for the exercise of this Court's discretion to appoint. ECF Nos. 15, 32.

Accordingly, for each of the reasons set forth herein, Plaintiff's pending motion seeking certification of an interlocutory appeal of the cited orders simply does not present an issue involving a controlling area of law for which there is a substantial difference of opinion and the extraordinary relief requested is unwarranted. An appropriate Order follows:

## ORDER

AND NOW, this 8th day of November 2018, for the reasons stated in this Memorandum Order, IT IS HEREBY ORDERED that Plaintiff's Motion for Permission to Appeal, ECF No. 47, is DENIED.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

Charles Jackson
KY-5535
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510