IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1237 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| ERIC T. ARMEL, DEBRA A. | ) | Re: ECF No. 57 |
| HAWKINBERRY, WILIAM TIFT, STEVEN | ) | |
| GATES, LEROY STALEY, FRANK | ) | |
| SALVAY, JAY LANE, A. YUHOUSE, S. | ) | |
| BUZAK, DORINA VARNER, WESTERN | ) | |
| REGIONAL DEPUTY SECRETARY OF | ) | |
| THE PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, DIRECTOR BUREAU OF | ) | |
| TREATMENT SERVICES, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**KELLY, Magistrate Judge**

Plaintiff Charles Jackson ("Plaintiff"), an inmate currently confined at the Pennsylvania

State Correctional Institution at Somerset, initiated this *pro se* civil rights action pursuant to 42

U.S.C. § 1983, in which he alleges that several employees of the State Correctional Institution at

Fayette ("SCI – Fayette") violated his rights under the First and Eighth Amendments of the

United States Constitution.  In his First Amended Complaint, ECF No. 50, Plaintiff seeks

declaratory relief, as well as compensatory and punitive damages. Plaintiff's claims arise out of

Defendants' alleged failure to protect Plaintiff from an inmate attack with a razor that resulted in

a 6-inch gash to his neck.  In the weeks prior to the attack, Plaintiff alleges that Defendants

moved him from administrative custody to general population, where the attack occurred, despite

and in indifference to their knowledge that Plaintiff would be in danger because he had been identified as a "snitch" with regard to an illicit drug smuggling ring.

Presently before the Court is a Motion to Dismiss Amended Complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Eric Armel, Debra Hawkinberry, William Rift, Steven Gates, Leroy Staley, Jay Lane, A. Yuhouse, S. Buzak, Dorina Varner, and John Wetzel, which seeks the dismissal of Plaintiff's amended complaint for failure to state a claim, ECF No. 57, and Brief in Support, ECF No. 58. Plaintiff has responded to the Motion to Dismiss with a Memorandum of Law, ECF No. 70, and a Brief in Support of Statement in Opposition, ECF No. 69. For the reasons that follow, the Motion to Dismiss will be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 25, 2017, with a Motion for Leave to Proceed *in forma pauperis*. The Court granted the motion on November 14, 2017, after Plaintiff resolved two deficiency orders. ECF Nos. 1, 2, 3, 4 and 7. Plaintiff's Complaint alleged claims against Defendants Armel, Hawknberry, Tift, Gates, Staley, Salvay, and Lane for the violation of his rights under the Eighth Amendment to the United States Constitution. ECF No. 8. In response, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), contending that Plaintiff failed to allege facts sufficient to establish any Defendant's personal involvement in the claimed violation of his rights. ECF No. 24.

The Court granted the Motion to Dismiss, finding that Plaintiff's initial Complaint failed to alleged that Defendants personally directed or actually knew and acquiesced in the claimed constitutional violation. ECF No. 33. In addition, Plaintiff failed to allege facts to plausibly suggest that any named Defendant knew that Plaintiff would be exposed to a substantial risk of

serious harm if he returned to the general population.  Id.  Plaintiff was granted until September 3, 2018, to file his Amended Complaint and, after two extensions of time, Plaintiff filed his Amended Complaint.  ECF No. 50.  Defendants filed the pending Motion to Dismiss on January 30, 2019, and Plaintiff was granted two extensions of time to file his response.  Plaintiff filed his responses in opposition on May 20, 2019, ECF Nos. 69 and 70. The Motion to Dismiss is now ripe for consideration.

Plaintiff's Amended Complaint alleges that on September 4, 2016, he was apprehended by prison officials for participation in a drug smuggling operation at SCI – Fayette and placed in disciplinary custody in SCI – Fayette's Restricted Housing Unit ("RHU").  ECF 50 ¶ 18.  Three days later, inmate Grover was arrested for possession of drugs and also placed in disciplinary custody.  Plaintiff alleges that Grover "is a high [-] ranking gang member" with a history of violence against others.  Id. ¶¶ 19, 21.  Grover labeled Plaintiff a "snitch" and "gave an order to his subordinate gang members to stab" him. Id. ¶¶ 29-30.  Plaintiff alleges that inmate McClelland is a member of Grover's gang and has a history of violence. Id.  ¶ 22.

Plaintiff's continued placement in the RHU was reviewed on November 29, 2016, by the SCI - Fayette Program Review Committee ("PRC"), staffed by Defendants Deputy Superintendent Eric Armel ("Armel"), Security Captain William Tift ("Tift"), and Corrections Classification and Program Manager Debra Hawkinberry ("Hawkinberry").  During the hearing, Plaintiff disclosed his fear of an attack upon his return to a general population housing unit.  Id. ¶¶ 32-34.  Plaintiff contends that the PRC determined he would be retained in the RHU pending transfer to another institution.  Id. ¶ 34.  Armel memorialized the need for a security review due to Plaintiff's fears of an attack if returned to general population, and indicated that Plaintiff

3

would be transferred to Administrative Custody within the RHU effective December 2, 2016. <u>Id.</u> ¶ 35.

On December 2, 2016, Plaintiff received a DC-141 Report signed by Tift and indicating that Plaintiff would remain in Administrative Custody because he was "in danger by/from some person(s) in the facility and can not be protected by alternative means." <u>Id.</u> ¶ 41. Plaintiff alleges that due to prison regulations and job responsibilities, Defendants Lane, Salvay, John Doe, the Western Regional Deputy DOC Secretary, and the Director of the Bureau of Treatment Services, would have or should have investigated Plaintiff's safety concerns and authorized his transfer to another DOC facility, but failed to do so. <u>Id.</u> ¶¶ 36-7. Despite the absence of an investigation, Plaintiff alleges that Defendants Tift, Armel, Yuhouse, Gates, Buzak, and Hawkinberry were each aware of and acknowledged that Plaintiff was in danger and, for his protection, determined that Plaintiff would be retained in Administrative Custody pending transfer. <u>Id.</u> 32-34, 41-44, 46-48.

On December 22, 2016, and over his objections, Plaintiff was transferred to general population. <u>Id.</u> ¶ 51. Three weeks later, inmate McClelland attacked Plaintiff with a razor blade, slashing his neck, and injuring Plaintiff's back. <u>Id.</u> ¶¶ 56-58. Plaintiff alleges that subsequent to the attack, Defendant Staley admitted his participation in a security review regarding Plaintiff's safety, and his awareness that Plaintiff would be attacked "because of the situation with Grover." <u>Id.</u> ¶ 61.

As a result of the altercation with McClelland, Plaintiff was charged with a misconduct for fighting, and returned to disciplinary custody in the RHU. Plaintiff filed a grievance related to the attack and alleged that his injuries resulted from Defendants' failure to protect him from a known danger. In response, Defendant Salvay denied any institutional knowledge that Plaintiff's

safety would be in jeopardy in general population. Id. ¶ 64.  Defendants Lane and Varner reviewed Plaintiff's grievance appeals and reiterated the security staff's finding of an absence of credible information that Plaintiff would be in danger if transferred to general population. Id. ¶¶ 67-72.  Plaintiff alleges the handling of his grievance is evidence of a "cover up" of staff misconduct and indifference to inmate safety, and is designed to defeat Plaintiff's claims for relief.  Id. ¶¶ 73-76.

Plaintiff's First Amended Complaint alleges three claims arising from his injuries: (i) an Eighth Amendment claim for "Deliberate Indifference to Serious Medical Need" (Count I)[1]; (ii) a First Amendment claim for "Obstruction of Court Access" (Count II); and (iii) a state law negligence claim (Count III).  Defendants seek to dismiss each of Plaintiff's claims for failure to allege sufficient facts to state a plausible claim under any identified legal theory.  ECF No. 58.

## II.     STANDARD OF REVIEW

### 1.  Motion to Dismiss

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  While a complaint does not need detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the

---

[1] Despite the caption of Count I, the Court understands Plaintiff's allegations set forth therein as an Eighth Amendment "failure to protect" claim related to Defendants' alleged deliberate indifference to Plaintiff's safety, and not a claim arising out of the provision or denial of medical treatment.  ECF No. 50 ¶ 81.

speculative level" and sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

### 2. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a

complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); <u>see</u> <u>also</u> <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

## III.    DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws.  It does not, by its own terms, create substantive rights." <u>Kaucher v. Cty. of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006), *citing* <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n.3 (1979) (footnote omitted).  Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." <u>Id.</u> at 423.  Plaintiff alleges that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

## A.     Personal Involvement/Failure to Protect Claim

The Eighth Amendment imposes "a duty upon prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (citations and internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

There are two requirements a prisoner must satisfy to establish a violation of the Eighth Amendment based on a failure to protect. First, "the deprivation alleged must be objectively, 'sufficiently serious[.]'" Farmer, 511 U.S. at 834. That is, an inmate must show that there is a substantial risk of harm. Id. (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). This is an objective inquiry. Bistrian v. Levi, 696 F. 3d 352, 367 (3d Cir. 2012). Second, the inmate must show that the prison official had "a sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1993)). This means that the prison officials must be deliberately indifferent to inmate health and safety. Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 302-03); and see, Bracey v. Pennsylvania Dep't of Corr., 571 F. App'x 75, 78 (3d Cir. 2014), citing Farmer, 511 U.S. at 834. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers–Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Actual knowledge can exist where "circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." Id. (quoting Farmer, 511 U.S. at 842–43).

Further, as to each named Defendant, Plaintiff must allege facts that plausibly infer that each had personal involvement in the alleged wrongdoing. Evancho v. Fisher, 423 F.3d 347, 353

(3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207.  A supervisory defendant may be personally liable under Section 1983 if he "participated in violating the plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004); Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016).

Defendants' Motion to Dismiss broadly asserts that dismissal of Plaintiff's Amended Complaint is appropriate because Plaintiff fails to allege facts sufficient to establish that any individual defendant was personally involved in the attack that resulted in Plaintiff's injuries, or was aware that inmate McClelland specifically presented a risk of harm to Plaintiff. ECF No. 58 at 3-6.  Plaintiff's claim, however, is predicated upon allegations that Defendants violated a duty to protect him from a known potential for violence at the hands of others due to being identified by inmates as a snitch.  In this regard, Plaintiff's Amended Complaint sets forth specific allegations of discussions with various Defendants during at least three PRC hearings acknowledging safety concerns related to a potential attack if housed in general population. Despite this knowledge, Defendants authorized or failed to prevent Plaintiff's removal from the relative safety of Administrative Custody, leading to his attack just three weeks later.

At this early stage of the litigation, and in light of facts alleged, Plaintiff has sufficiently stated a failure to protect claim. The Court will not engage in parsing Plaintiff's Amended Complaint to determine whether Plaintiff has alleged facts plausibly establishing that each named Defendant was sufficiently aware of the risk where counsel has failed to do so.

Accordingly, without distinction between Defendants, the Motion to Dismiss Plaintiff's Eighth Amendment claim is denied.

## B. First Amendment – Denial of Access to Court Claim

Plaintiff alleges that his First and Fourteenth Amendment rights were violated by each Defendant based upon their participation in "an official cover-up" designed to injure Plaintiff's ability to litigate his claims. ECF No. 50 ¶ 82. In support of this claim, Plaintiff challenges the administrative responses to a grievance Plaintiff submitted after his attack, wherein Defendants Salvay, Lane, and Varner stated that security officials were unaware of any potential risk to Plaintiff's safety, and therefore unaware of the need to protect him from injury. Id. ¶¶ 63-74. Defendants seek dismissal of this claim as legally insufficient.

Prisoners have a constitutional right to seek redress of grievances, Robinson v. Taylor, 204 F. App'x. 155, 156-57 (3d Cir. 2006); however, this right is not compromised by the failure of prison officials to address these grievances, Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004), or to issue denials. Pittman v. Corbett, No. 14-231, 2014 WL 783498, at *3 (E.D. Pa. 2014) ( "[T]o the extent plaintiff's claims are based on the defendant's denials of grievances and/or inadequacies in and dissatisfaction with the grievance process, he has not stated a constitutional claim."); Robinson v. Prison Health Services, Inc., No. 10-7165, 2014 WL 2452132, at *7 (E.D. Pa. 2014) (dismissing Plaintiff's due process claims because claims based on dissatisfaction with the grievance process fail as inmate does not have a constitutionally protected right to a grievance procedure) (quoting Powell v. Danberg, No. 10-558, 2011 WL 3438441, at *3 (D. Del. 2011)); Robinson v. Varner, No. 12-6359, 2012 WL 6628108, at *1 (E.D. Pa. 2012) ("[P]laintiff cannot state a constitutional claim based on his dissatisfaction with the grievance process."); Bosold v. Warden, SCI–Somerset, No. 11-4292, 2011 WL 6812902, at

*6 (E.D. Pa. 2011). "[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process [citation omitted], a prisoner cannot maintain a constitutional claim ... based upon [the prisoner's] perception that [the recipient of the grievances] ignored and/or failed to properly investigate his grievances." <u>Woods v. First Corr. Med. Inc.</u>, 446 F. App'x. 400, 403 (3d Cir. 2011).

Further, to the extent Plaintiff alleges a First Amendment denial of the right of access to the courts, the Court finds that he has failed to state a claim upon which relief may be granted. In order to sustain such a claim, an inmate must allege an "actual injury" to his litigation efforts. <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). To establish an actual injury, an inmate must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. <u>Id.</u>; <u>see also</u> <u>O'Connell v. Williams</u>, 241 F. App'x. 55, 57 (3d Cir. 2007). Thus, a plaintiff must plead that he lost an opportunity to file a case in court and that he could not subsequently file that case after the interference with the right of access to the court ceased. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002).

Here, Plaintiff's Complaint fails to allege an actual injury to a viable claim as a result of Defendants' responses to his grievances. Accordingly, the Motion to Dismiss Plaintiff's First and Fourteenth Amendment access to court claims is granted.

## C. Negligence Claim and Sovereign Immunity

In Count III of the Amended Complaint, Plaintiff alleges a state-law negligence claim against Defendants for failing to protect him from attack. Defendants move for dismissal of this claim as barred by Pennsylvania's sovereign immunity statute. Specifically, they argue that as employees of the Commonwealth of Pennsylvania, they are entitled to sovereign immunity with

respect to Plaintiff's negligence claim because the Pennsylvania state legislature has not specifically waived immunity with respect to the conduct alleged in the complaint.

The doctrine of sovereign immunity, codified at 1 Pa. Cons. Stat. Ann. § 2310, protects a state official from suit unless the cause of action falls within one of several statutory exceptions, which are set forth in 42 Pa. Cons. Stat. Ann. § 8522, or the individual's conduct falls outside the scope of the employee's employment. See Johnson v. Townsend, 314 F. App'x 436, 439 (3d Cir. 2008). Section 2310 provides, in pertinent part, as follows:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa. Cons. Stat. Ann. § 2310. This grant of immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are acting within the scope of their duties" Thomas v. Shutika, No. 12-692, 2014 WL 2514817 (M.D. Pa. 2014). Immunity has been waived in only nine narrow areas involving negligence, which are defined in 42 Pa. Cons. Stat. Ann. § 8522(b), none of which are applicable here.[2] Therefore, Plaintiff's state law claims against Defendants are barred unless any of the Defendants were acting outside the scope of their employment during the events alleged in Plaintiff's Amended Complaint.

Under Pennsylvania law, an action falls within the scope of employment if it: (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to serve the

---

[2] Section 8522 waives immunity in the following limited negligence categories: (1) Vehicle liability; (2) Medical-professional liability; (3) Care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) Potholes and other dangerous conditions; (6) Care, custody or control of animals; (7) Liquor store sales; (8) National Guard activities; (9) Toxoids and vaccines. 42 Pa. Cons. Stat. Ann. § 8522(b).

employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer. Restatement (Second) of Agency § 228; Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (stating that Pennsylvania Supreme Court has adopted the Restatement's definition of "within the scope of employment"). Plaintiff does not allege that the acts of Defendants were committed outside the course and scope of employment. Moreover, Pennsylvania's Commonwealth Court has recognized that a negligent failure to protect a prisoner from abuse or assault is not one of the instances enumerated under § 8522(b). See Steinberg v. Department of Public Welfare, 405 A.2d 1135 (Pa. Commw. 1979) (an employee's state law claim that staff negligently failed to protect her from sexual assault by two student prisoners at youth development center was barred by doctrine of sovereign immunity). Accordingly, Plaintiff's state law claims that Defendants were negligent when they failed to protect him is barred by Pennsylvania's sovereign immunity statute, and the Motion to Dismiss on this basis is granted. See also, Freeman v. Miller, No. 10-1545, 2011 WL 4591974, at *14 (M.D. Pa. Sept. 30, 2011).

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed on behalf of Defendants is properly granted as to Plaintiff's First and Fourteenth Amendment claims arising out of the grievance process and allegedly harming Plaintiff's access to courts (Count II), and as to Plaintiff's state-law negligence claim (Count III). However, Plaintiff has sufficiently alleged an Eighth Amendment failure to protect claim and the Motion to Dismiss on this basis is denied.

Ordinarily, District Courts must grant *pro se* litigants leave to file a curative amended complaint, even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See Estate v. Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850,

861 (3d Cir. 2014).  Where, as here, a complaint sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover as to certain claims, those claims are properly dismissed without leave to amend. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 106 (3d Cir. 2002).  In this instance, Plaintiff has alleged facts that demonstrate that amendment of his access to court and state-law negligence claims would be futile, and these claims are properly dismissed with prejudice.  Accordingly, the following Order is entered:

## ORDER

AND NOW, this 20th day of June, 2019, upon consideration of the Motion to Dismiss Amended Complaint filed on behalf of Eric Armel, Debra Hawkinberry, William Tift, Steven Gates, Leroy Staley, Frank Salvay, Jane Lane, A. Yuhouse, S. Buzak, Dorina Varner, the Western Regional Deputy Secretary of the Pennsylvania Department of Corrections, and the Director Bureau of Treatment Services, ECF No. 57, and the briefs filed in support and in opposition thereto, ECF Nos. 69, 70, and the allegations set forth in Plaintiff's Amended Complaint, ECF No. 50,

IT IS HEREBY ORDERED that the Motion is granted in part and denied in part, as follows:

1. The Motion to Dismiss Plaintiff's Eighth Amendment failure to protect claim is DENIED;

2. The Motion to Dismiss Plaintiff's First and Fourteenth Amendment access to court claim arising out of the prison grievance process is GRANTED with prejudice;

3. The Motion to Dismiss Plaintiff's state-law negligence claim is GRANTED with prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF

        Charles Jackson
        447 New Street
        Lebanon, PA 17046

15